IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE L. GARRISON, §<br>#02097855, §<br>PETITIONER, §<br> §<br>v. §<br> §<br>DIRECTOR, TEXAS DEPARTMENT OF §<br>CRIMINAL JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION DIV., §<br>RESPONDENT. § | CIVIL CASE NO. 3:24-CV-816-E-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of prosecution.

On April 5, 2024, the Court issued a deficiency order in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003), which required Petitioner to either (1) withdraw his pro se request (originally filed in the Eastern District of Washington and now pending here), which the Court had recharacterized as his first § 2254 petition, or (2) amend the same so that it contains all claims that Petitioner wants to raise with respect to his state court conviction. Doc. 7. The Court also ordered Petitioner to pay the $5 filing fee or file an application to proceed *in forma pauperis*. Doc. 7. The deadline for Petitioner's response was May 3, 2024. As of the date of this recommendation, however, Petitioner has not responded to the Court's order nor sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

**SO RECOMMENDED** on May 23, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to this petition as well as to any other petition that Petitioner may file in this court. *See* 28 U.S.C. § 2244(d).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).